**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CIVIL CASE NO. 2:14-cv-00043-MR
[CRIMINAL CASE NO. 2:09-cr-00020-MR]**

| | |
|---|---|
| ANDREW TAB KILPATRICK, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on an initial review of Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence, which is filed pursuant to 28 U.S.C. § 2255. [Doc. 1]. For the following reasons, the Petitioner's motion will be dismissed.

On April 14, 2015, the Petitioner appeared before the Court for a hearing to determine whether he violated the terms and conditions of his supervised release. Based upon the Petitioner's admission that he violated two separate conditions of his supervised release, the Court revoked his supervision and imposed a sentence of time served with no further supervision to follow. The Court entered its Judgment April 20, 2015, thus terminating the Petitioner's federal criminal case. [Criminal Case No. 2:09-

cr-00020-MR, Doc. 83]. Title 28, U.S.C. § 2255, only authorizes a "prisoner in custody under a sentence" of confinement imposed by a federal court to collaterally attack his conviction or sentence. Id. The Petitioner is no longer in federal custody. The Petitioner's present motion, therefore, will be dismissed as moot.

The Petitioner's motion is also subject to dismissal as a successive petition. The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). The Petitioner has already filed one unsuccessful § 2255 motion. See Civil Case No. 2:12-cv-80-MR. Further, the Petitioner has provided no evidence that he has obtained the necessary authorization to file this second § 2255 motion in which he challenges the same judgment. Accordingly, the Petitioner's motion will be dismissed a successive petition.

Based on the foregoing, the Court finds that it is without jurisdiction to consider the merits of the present Section 2255 motion and it will be dismissed. See, e.g, In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion [Doc. 1] is **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

The Clerk is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: May 18, 2015

Martin Reidinger
United States District Judge